IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Erin Flanagan, Personal Representative, Estate of Tessa Lauryn Perez, a Minor Child, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>KIND, LLC, a New York Limited Liability Company,<br><br>Defendant. | CASE NO. 8:20 cv 0273<br><br><br><br><br>**PROTECTIVE ORDER** |

Upon consideration of Defendant's motion for entry of a Protective Order, (Filing No. 27), the Court enters the following Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1) **Definitions.** As used in this Order:

   a. Discovery Material is any material produced by Defendant under a designation that is "Confidential."

   b. Producing Party is the defendant to this litigation, that produces documents or makes disclosures under the Federal Rules of Discovery.

   c. The Receiving Party the Plaintiff to this litigation that receives documents under the Federal Rules of Discovery.

2) **Confidential Discovery Material.** This Protective Order applies to all confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, confidential Discovery Material shall include materials designated "Confidential" in good faith by Producing Party.

3) **Manner of Confidential Designation.** A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

   a. As to documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

    b.    If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).

    c.    If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is CONFIDENTIAL.

4)    **Timing of Confidential Designation.**

    a.    Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    b.    If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed "CONFIDENTIAL." After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" as required under this Order.

5)    **Qualified Recipients.** For the purposes of this Protective Order, the persons authorized to receive Discovery Material designated as "CONFIDENTIAL" (hereinafter "Qualified Recipients") are the Plaintiff and her law firm's personnel and engaged consulting experts or witnesses, including:

    a.    Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the CONFIDENTIAL information and the staff and assistants employed by the consulting or testifying experts.

    b.    Court reports for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony.

6)    **Dissemination by the Receiving Party.** Counsel for the Receiving Party shall inform recipients that materials from the Producing Party marked Confidential may not be duplicated or disclose to any other party and may be used only for purposes of this litigation and

for no other purpose.

7) **Limitations on Use.** Confidential Discovery Material shall be used by the Receiving Party only to prepare for and conduct proceedings herein, including for purposes of authorized in paragraph 9 below, and not for any business or other purpose whatsoever.

8) **Maintaining Confidentiality.** Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Each party, each Qualified Recipient, and all counsel representing any party, shall use their best efforts to maintain all information designated as "CONFIDENTIAL" in such a manner as to prevent access, even at a hearing or trial, by individuals who are not Qualified Recipients. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

9) **Depositions.** The following procedures shall be followed at all depositions to protect the integrity of all Discovery Material designated as "CONFIDENTIAL":

   a. Only Qualified Recipients may be present at a deposition in which such information is disclosed or discussed.

   b. All deposition testimony which discloses or discusses information designated as "CONFIDENTIAL" is likewise deemed designated as "CONFIDENTIAL".

   c. Information designated as "CONFIDENTIAL" may be used at a nonparty deposition only if necessary, to the testimony of the witness.

10) **Return or Destruction of Documents.** Upon final termination of this Action, each Receiving Party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL."

11) **Inadvertent Disclosure of Protected Discovery Material.** Inadvertent disclosures are governed by Fed. R. Evidence 502. A party claiming an inadvertent disclosure was made must comply with Rule 502 to rectify the error and protect the document's privileged status.

January 13, 2021.

By the Court:

Michael D. Nelson
United States Magitsrate Judge

3

Approved:

_____
Plaintiff's Lawyer    1.13.2021

_____
Defendant's Lawyer    1-13-2001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Erin Flanagan, Personal Representative, Estate of Tessa Lauryn Perez, a Minor Child, Deceased, | CASE NO. 8:20 cv 0273 |
| Plaintiff, | |
| v. | |
| KIND, LLC, a New York Limited Liability Company, | **EXHIBIT A** |
| Defendant. | |

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

_____, _____, 202\_\_.

_____   _____
Printed Name                                                    Signature

5